UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| GENE ALLEN HERROLD, | CASE NO. 4:11 CV 821 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | |
| | MEMORANDUM OF OPINION |
| ROBERT L. FARLEY, | AND ORDER |
| Respondent. | |

On April 26, 2011, petitioner pro se Gene Allen Herrold
filed the above-captioned habeas corpus action under 28 U.S.C. §
2241.  An "Amendment to Petition" was filed on June 8, 2011. The
Amendment is in the nature of a supplement to the Petition, and
will be considered together with the Petition by the Court.

Petitioner was convicted in the United States Distict
Court of the Middle District of Pennsylvania of various violations
of federal law, and received a sentence of 391 months in 1993.
Petition, p.1-2. He asserts his incarceration violates due process
because the trial court lacked jurisdiction.  In particular, he
asserts, the United States "has no authority to prosecute him under
18 U.S.C. § 922(g)(1) and § 924(c)(1) for the alleged offenses,
committed within the boundaries of the State of Pennsylvania
because the State of Pennsylvania never ceded it jurisdiction to
the United States over the properties/land where the alleged gun
offenses occurred."  Petition, p.3.

Habeas corpus petitions brought pursuant to 28 U.S.C. §
2241 address the execution of a sentence, while motions filed
pursuant to 28 U.S.C. § 2255 test the validity of a judgment and
sentence.  *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.
1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.
1991)).  By enacting section 2255, Congress essentially superseded
the traditional habeas corpus remedy for federal prisoners.  Larry
W. Yackle, Postconviction Remedies, § 31 (1981).  Section 2255
provides in pertinent part:

> [a]n application for a writ of habeas corpus
> in behalf of a prisoner who is authorized to
> apply for relief by motion pursuant to this
> section, shall not be entertained if it
> appears that the applicant has failed to apply
> for relief, by motion, to the court which
> sentenced him, or that such court has denied
> him relief, unless it also appears that the
> remedy by motion is inadequate or ineffective
> to test the legality of his detention.

28 U.S.C. § 2255.  The terms "inadequate" or "ineffective" do not
mean that habeas corpus relief is available whenever a federal
prisoner faces a substantive or procedural barrier to § 2255 relief
such as the Antiterrorism and Effective Death Penalty Act of 1996,
*Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997), or
denial of a previously filed section 2255 motion.  *McGhee v.
Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).  Rather, habeas corpus
remains available when the failure to allow some form of collateral
review would raise serious questions as to section 2255's
constitutionality.  *Triestman*, 124 F.3d at 377.  The petitioner
bears the burden of proving that the section 2255 remedy is
inadequate or ineffective.  James S. Liebman, Randy Hertz, Federal

2

Habeas Corpus Practice and Procedure § 41.2b at 1188 (2d ed. 1994) (citing *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

As Petitioner clearly challenges his conviction and the imposition of his sentence rather than its execution, and as there is no reasonable suggestion that the § 2255 remedy is "inadequate" or "ineffective," habeas corpus relief under 28 U.S.C. § 2241 is unavailable.

Accordingly, the petition is denied pursuant to 28 U.S.C. § 2243. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_Donald C. Nugent_ 7/6/11
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE